UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

2008 MAY 27 AM 11:35

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Docket No. |
| ) | |
| Plaintiff, ) | **'08 MJ 1640** |
| ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Juan CEBALLOS-Jose,** ) | Deported Alien Found in the |
| ) | United States |
| ) | |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **May 22, 2008** within the Southern District of California, defendant, **Juan CEBALLOS-Jose,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 27th DAY OF **MAY 2008**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Juan CEBALLOS-Jose

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On May 22, 2008, Border Patrol Agent V. Sivilli was patrolling an area near Tecate, California known as Lyons Valley. This area is approximately 3 miles west of the Tecate, California Port of Entry and 13 miles north of the United States/Mexico International Border. This area is notorious for the furtherance of undocumented aliens making their way north into the United States after illegally crossing the United States/Mexico International Border.

At about 2:45 P.M., Agent Sivilli responded to an activation of a seismic intrusion device in the area of Lyons Valley. Upon arrival, Agent Sivilli observed several footprints heading northbound on a trail, which passes through the vicinity of the seismic intrusion device. Agent Sivilli followed the footprints, which led him to nineteen individuals trying to conceal themselves in some bushes along side a trail. As Agent Sivilli approached the individuals, he identified himself as a Border Patrol Agent.

At that time, three of the individuals ran northbound on the trail. Agent Sivilli stayed with the other sixteen individuals and contacted Border Patrol Agent J. Davila, via service radio to assist him with the other three individuals that ran. Approximately twenty minutes later, Agent Davila arrived at the scene with his Agency Canine Bale. Within five minutes, Agent Davila located the other three individuals, hiding in some bushes on the side of the trail. Agent Sivilli then questioned each one of them separately as to their country of citizenship and immigration status. Each subject, including one who was later identified as the defendant Juan CEBALLOS-Jose, admitted being citizens of Mexico and did not possess any United States Immigration documents allowing them to enter or remain in the United States legally. At 3:00 P.M., all of the subjects including the defendant were arrested and transported to the U.S. Border Patrol Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 15, 2008** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

On May 22, 2008 at approximately 6:04 p.m., Border Patrol Agent R. Espiritu advised the defendant of his Miranda rights in the Spanish language. The defendant stated that he understood his rights and that he would answer any questions asked of him without the presence of a lawyer. Again the defendant was questioned as to his country of citizenship and immigration status. The defendant freely admitted to being a citizen of

2

**CONTINUATION OF COMPLAINT:**
**Juan CEBALLOS-Jose**

Mexico and that he was not in possession of any United States Immigration documents allowing him to enter or remain in the United States. The defendant also admitted to having crossed the United States/Mexico international border illegally by walking through the foothills a few miles west of the Tecate, California Port of Entry.

**Executed on May 24, 2008 at 10:30 am.**

Tomas Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **two** page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 22, 2008**, in violation of Title 8, United States Code, Section 1326.

Jan M. Adler
United States Magistrate Judge

5/24/08 @ 12:36 pm.
Date/Time

3